# 18-2146

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff/Appellee,

v.

CARLOS J. GUZMAN-MERCED

Defendant/Appellant.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

REPLY BRIEF FOR APPELLANT
CARLOS J. GUZMAN-MERCED

---

Vivian Shevitz -- Bar No. 101025
46 Truesdale Lake Drive
South Salem, New York 10590
914 763 2122
Fax: 888 859-0158
Email: vivian@shevitzlaw.com

# Table of Contents

Table of Contents ................................................................................................ i

REPLY ...................................................................................................................1

I.  The *Rehaif* Claim is not foreclosed by *United States v. Burghardt*, 939 F.3d 297 (1st Cir. 2019), and should result in dismissal of the indictment given the lack allegation in the indictment and the lack of evidence of "scienter-of-status" as a prior felon on this record, or at least vacatur of the conviction. .............1

    a.  The Court should dismiss the indictment because of its defect ......................2

    b.  Appellant has shown plain error in the plea proceeding. ...............................5

II. Guzman's sentence is too heavily dependent on the crimes of others ...............12

CONCLUSION ....................................................................................................15

## TABLE OF AUTHORITIES

Cases

*Cochran v. United States*, 157 U.S. 286 (1895) .......................................................4

*Colella v. United States*, 360 F.2d 792 (1st Cir. 1966)..............................................4

*Hamling v. United States*, 418 U.S. 87 (1974) .........................................................4

*Igartúa v. United States*, 626 F.3d 592 (1st Cir. 2010) ..............................................2

*United States v. Balde*, 943 F.3d 73 (2d Cir. 2019)..................................................11

*United States v. Carll*, 105 U.S. 611 (1881) ..............................................................3

*United States v. Clogston*, 662 F.3d 588 (1st Cir. 2011))..........................................12

*United States v. Correa-Osorio*, 784 F.3d 11 (1st Cir. 2015) ....................................6

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004) .........................................6

*United States v. Gandia-Maysonet*, 227 F.3d 1 (1st Cir. 2000) ................................5

*United States v. Gary*, 954 F.3d 194 (4th Cir. 2020)................................................12

*United States v. Hernández-Maldonado*, 793 F.3d 223 (1st Cir. 2015)....................6

*United States v. Hicks*, 958 F.3d 399 (5th Cir. 2020)...............................................12

*United States v. Howell*, 11 Wall. 432 ......................................................................3

*United States v. Lavalais*, 2020 U.S. App. LEXIS 16421, 2020 WL 2609858 (5th
   Cir. May 22, 2020) ................................................................................................12

*United States v. Morgan*, 384 F.3d 1 (1st Cir. 2004).................................................2

*United States v. Whiting*, 771 F. Supp. 476 (D. Mass. 1991) ....................................4

*United States v. Zannino*, 895 F.2d 1 (1st Cir. 1990) ................................................2

Rule

Fed. R. Cr. P. 11(b)(1)(G).............................................................................................5

# REPLY

Defendant-Appellant CARLOS J. GUZMAN-MERCED (hereinafter "Guzman") respectfully replies to the government's opposition to the claims in his initial brief.

Unlike the cases on which the government relies, here there is not only a lack of record evidence suggesting that Appellant knew he was a prior felon for purposes of his gun possession-as-a-felon conviction; there *is* record evidence establishing that the government <u>would not have been able to prove</u> that Appellant *knew* he was a prior felon.

According to the PSR, appellant served less than a year on his prior felony. There is no additional evidence suggesting he knew. The conviction should be vacated for insufficient evidence. The plea in any event should be vacated.

**I. The *Rehaif* Claim is not foreclosed by *United States v. Burghardt*, 939 F.3d 297 (1st Cir. 2019), and should result in dismissal of the indictment given the lack allegation in the indictment and the lack of evidence of "scienter-of-status" as a prior felon on this record, or at least vacatur of the conviction.**

The government claims that this Court's decision in *Burghardt* forecloses his *Rehaif* claim on this appeal. *Burghardt* – even if it properly

rejected the notion that the absence of an allegation in the indictment of knowledge of the defendant's status as a prior felon was a jurisdictional defect – affirmed because, unlike this case, the *Burghardt* record did not support elements three or four of a plain error analysis.

### a. The Court should dismiss the indictment because of its defect

The Court should reject the government's argument that *Burghardt*, or the case it cites at p.14 of its brief, *Igartúa v. United States*, 626 F.3d 592, 603 (1st Cir. 2010), compels rejection of appellant's "jurisdictional" claim. As quoted in the footnote,[1] *Igartúa* involves a

---

[1] The Court wrote in *Igartúa:*

> The dissent's argument that the ICCPR creates rights under domestic law extends beyond the claims before this court. Arguments that are intentionally relinquished or abandoned are waived, and arguments that are not raised in a timely manner are forfeited. *See United States v. `Morgan*, 384 F.3d 1, 7 (1st Cir. 2004). An argument raised in a perfunctory or not serious manner is waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). Review is unavailable for waived arguments "unless the court engages in the rare exercise of its power to excuse waiver." *Morgan,* 384 F.3d at 7. Plain error review may be available for forfeited arguments, but it is seldom available for claims neither raised below nor on appeal. *Id.* at 8.

2

forfeited argument, but *not* one that – like the claim here that implicates a defect in the indictment that precludes sentencing on a conviction based on an indictment that omits an element of an offense.

In *United States v. Carll*, 105 U.S. 611 (1881), the Supreme Court held invalid an indictment that failed to charge that defendant *knew* that the counterfeited instrument he passed was in fact false. The Supreme Court wrote the failure to allege the element of scienter in the indictment precluded judgment against defendant, even after a jury verdict:

> The defendant, having been tried before Judge Benedict and convicted by the jury under instructions which required them to be satisfied of the facts alleged, and that the defendant, at the time of uttering the obligations, knew them to be false, forged, counterfeited, and altered, moved in arrest of judgment for the insufficiency of the indictment. At the hearing of this motion before Judge Blatchford and Judge Benedict, they were divided in opinion upon the question, stated in various forms in their certificate, but in substance this: whether the indictment, setting forth the offense in the language of the statute, without further alleging that the defendant knew the instruments to be false, forged, counterfeited, and altered, was sufficient, after verdict, to warrant judgment thereon.

The Court concluded:

> This indictment, by omitting the allegation contained in the indictment in *United States v. Howell*, 11 Wall. 432, and in all

3

> approved precedents, that the defendant knew the instrument which he uttered to be false, forged, and counterfeit, fails to charge him with any crime. The omission is of matter of substance, and not a "defect or imperfection in matter of form only" within the meaning of sec. 1025 of the Revised Statutes. By the settled rules of criminal pleading and the authorities above cited, therefore, the question of the sufficiency of the indictment must be
> Answered in the negative.

Though *Carll* has been described as "ancient", it has been cited with approval by the Court as recently as 1974, *Hamling v. United States*, 418 U.S. 87, 117 (1974), and by this Court in *Colella v. United States*, 360 F.2d 792 (1st Cir. 1966). *See United States v. Whiting*, 771 F. Supp. 476, 478, (D. Mass. 1991). An indictment – to support a sentence – must contain

> every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*Cochran v. United States*, 157 U.S. 286, 290 (1895).

For the same reasons as in *Carll*, the indictment in this case is insufficient to support a sentence, even if not so defective as to deprive the Court of jurisdiction. Even after a conviction, the indictment must

be dismissed. Since, on these facts, it cannot be assumed that a grand jury would have indicted defendant if the indictment had contained the allegation that defendant *knew* he was a prior felon, the indictment should be dismissed. *Carll*'s import is that defendant cannot be sentenced on this indictment and it should be set aside even now.

**b. Appellant has shown plain error in the plea proceeding.**

In any event, unlike the *Burghardt* case, in this case appellant has shown plain error. This Court recognized in *Burghardt* that a guilty plea does not waive all challenges to the plea. A plea must be voluntary, and Rule 11 colloquy is meant to assure that it is.

The *Burghardt* Court made clear that a "core concern" of a guilty plea colloquy pursuant to Federal Rule of Criminal Procedure 11 is "ensuring that the defendant understands the elements of the charges that the prosecution would have to prove at trial." *Burghardt, quoting United States v. Gandia-Maysonet*, 227 F.3d 1, 3 (1st Cir. 2000); Fed. R. Cr. P. 11(b)(1)(G) ("[T]he court must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading.").

5

In *Burghardt,* the defendant had not offered to the district court the Rule 11 objection he raised on appeal, i.e, the failure of the Court to inform him that the government would have to *prove* that he knew at the time he had the gun that he was a prior felon. Therefore, this Court reviewed his argument for plain error. (The Court cited *United States v. Dominguez Benitez*, 542 U.S. 74, 80 (2004) and *United States v. Hernández-Maldonado*, 793 F.3d 223, 226 (1st Cir. 2015).) Under a plain error standard, the appellant must show "(1) an error, (2) that is clear or obvious, (3) which affects his substantial rights..., and which (4) seriously impugns the fairness, integrity or public reputation of the proceeding." *United States v. Correa-Osorio*, 784 F.3d 11, 17-18 (1st Cir. 2015).

In *Burghardt,* this Court noted that both parties "agree that the first two prongs of this analysis have been met, in light of *Rehaif*. It found, however, that appellant had not shown prejudice or that the error affected his substantial rights.

Burghardt was not able to show prejudice because, on his record, he could not show that he would not have pled guilty if he had been informed of the "scienter-of-status" element. While the government here

6

claims that Appellant Guzman-Merced similarly cannot show prejudice, and argues that it "would have had little difficulty in demonstrating that [appellant] knew that his prior offense was punishable by more than one year in prison", in fact, the government would not have been able to prove that knowledge whatsoever. Appellant's situation is far different from that of Burghardt. As *Burghardt* makes clear, it is a "reasonable premise" that the "probability of opting for trial would have increased commensurate with a perception that the government would have had any difficulty in proving the added element." Further, a defendant need not have to testify that he did not know that his prior offenses were punishable by more than a year in prison to come within the "reasonable premise" that he would have gone to trial. "[A] defendant can instead base a decision to risk a trial on his perception of the government's ability to carry its burden even as he remains mute."

This is the case here. Defendant did not spend any time in jail on his prior felony. That a warning was supposed to have been given of the maximum sentence under a Puerto Rico case cited by the government (Gov. Br. 17), does not mean that it *was* given, or that Appellant, a young

7

man at the time, heard it and understood it meant he was a "felon", or that he understood it.

The government's statement at p. 17 of its brief that Guzman "carries the burden of demonstrating that, in his particular case, such a warning was not given" (citing *Burghardt* at 939 F.3d at 401-03) is not accurate nor properly states the law. Appellant does not shoulder the burden the government imposes on him – to prove that the warning was *not* given in a prior case. He needs only to show that the absence of an instruction in *his* Rule 11 colloquy in *this* case constitute adversely affected his substantial rights, and that there is good reason on *this* record to show that he would not have pled guilty had he known that the *government* would have to prove the "scienter-of-status" element.

*Burghardt* did *not* rely on any notion that the defendant had not proved he did not receive a warning in his prior cases forming the "prior felon" element. Rather, this Court considered that fact as one of many supporting the conclusion that Burghardt had not shown he would not have pled guilty – because the government would have been able to prove his knowledge had it tried. This Court discussed the fact that it could

fairly draw the inference that Burghardt *was told* about the maximum sentences previously because the fact of his prior knowledge was confirmed by the *fact* that he received 2-10 years in prison for two prior convictions, and 7.5-15 years in State prison for a third sale conviction, plus an additional 2-5 years for a prior robbery conviction.

And though the government argues here that *Burghardt* held that it was not "necessary" to its holding to show that the defendant had actually served over a year on any single charge (Gov. Br. 17), the *Burghardt* footnote it cites (n.4) states that, even if there was no evidence Burghardt had served a year on any single identified prior sentence, there was plenty of other evidence that Burghardt *knew* his status as a prior felon, including his criminal history category of VI.

The Court there wrote in footnote 4 of the *Burghardt* decision:

> The PSR suggests that Burghardt was paroled after serving two years of his sentences for his convictions on the four drug charges -- which could have impacted his knowledge as to the length of time he was serving for any single conviction -- and does not clearly state the length of time he served solely for the robbery charge beyond 163 days. But evidence that he served over a year for a single charge is not necessary to support our conclusion, because, as discussed, the government has ample other evidence that it could have

> introduced to show Burghardt's knowledge of his status. For example, along with these sentences, the defendant received other sentences for potentially over one year that were together sufficient to place him into criminal history category VI, negating the inference that he has never been informed that he faced a sentence that would qualify under § 922(g).
>
> [*United States v. Burghardt*, 939 F.3d 397, 404.]

Under a plain error standard, it was not a stretch to hold that Burghardt's substantial rights were not adversely affected.

Here, because appellant did not serve time in the past, the same cannot be said of the failure to advise appellant. Simply put, the government has *no* evidence to prove the scienter-of-status element of the 922(g) count. The *fact* that he was convicted of a prior felony is not enough, as *Rehaif* itself makes clear.

Given the government's concession that prongs one and two of the plain error standards are met, appellant has shown that, because of the *absence* of evidence that he had previously served a sentence of a year or more, Appellant Guzman has met the other prongs of plain error analysis. He wants to put the government to its burden of proof that he *knew* he was a prior felon when he used the gun on this occasion underlying this case. See *United States v. Balde*, 943 F.3d 73 (2d Cir.

2019) (distinguishing *Burghardt* and vacating conviction because the record did not contain facts sufficient to support a conclusion that Balde was aware that he was in the country illegally), writing that it should be up to a jury – in words applicable here (943 F.3d at 97-98):

> We express no opinion, of course, as to what Balde in fact believed at the time of the shooting incident. That is a question for a jury, and the government would be free to argue at trial that, given the removal order pending against him, he must have known that he had no legal right to be in the United States, and that the legal argument he advanced in these proceedings was a lawyer's after-the-fact construct and not a reflection of what Balde believed when he possessed and fired a gun in December 2015. Nevertheless, we cannot conclude on the present record that the government's arguments are so strong that Balde would have had no plausible defense at trial and no choice but to plead guilty, even had he known of the element announced in Rehaif. We are therefore satisfied that Balde has demonstrated a "reasonable probability that, [had he been properly advised of what we now have been instructed are the elements of the offense], he would not have entered the plea." ….
>
> Finally, we have little difficulty concluding that Balde has demonstrated that failing to correct the error would "seriously affect [] the fairness, integrity or public reputation of judicial proceedings." …There is a significant possibility that Balde was permitted to plead guilty to a crime of which he was not guilty, as the Supreme Court now understands the elements of that crime. Where a defendant "has been convicted of and [received a prison] sentence for an offense of which there is a substantial possibility he is not guilty[, t]here can be no

11

serious question that allowing [such an] error to stand would significantly affect the fairness and integrity of judicial proceedings." ….

If the lack of an instruction on scienter is not – as one court has held – structural error (see *United States v. Gary*, 954 F.3d 194, 198 (4th Cir. 2020)[2] (mandate stayed for potential rehearing), there is in any event harmful and plain error in this case. The evidence of Appellant's knowledge that he was a prior felon does not appear – because appellant did not spend a year in jail -- and is not strongly inferable on this record.

## II. Guzman's sentence is too heavily dependent on the crimes of others

The government argues against Appellant's claim that his sentence is substantively unreasonable on the theory that sentencing "is an art, not a science." (Gov.Br. 22, citing *United States v. Clogston*, 662 F.3d 588, 593 (1st Cir. 2011).) While appellate review is "deferential" and a sentencing judges have more "familiarity with the individual case", there

---

[2] *But see United States v. Hicks*, 958 F.3d 399 (5th Cir. 2020) ("[W]e have not considered Rehaif errors to warrant automatic reversal."); see also *United States v. Lavalais*, No. 19-30161, 2020 U.S. App. LEXIS 16421, 2020 WL 2609858 (5th Cir. May 22, 2020) (concluding that a *Rehaif* error associated with a guilty plea was not a structural error).

is *no* doubt that here, the sentencing judge's "art" was to woe the fact that there was a lot of gun crime in Puerto Rico, and hold defendant accountable for the breadth and scope of that crime, not on his own acts and intent. That the Court thought there is too much gun crime in Puerto Rico – which is true everywhere – the woes of the gun epidemic should not be a "reasonable" basis to grant an upward variance in this one defendant's sentence.

The sentencing court also mused about "facts" that may or may not be true, supposing about appellant's prior offenses: "Well, I don't know if they are going to consider that or not a crime of violence, but anyway, ours is today a crime of violence."

The Court then scolded defendant with a warning that *if* he were to commit a future crime of violence, he would face a "horrible" sentence. ("So if you are again caught with a crime of violence, sir, that is, drugs and weapons, stealing and weapon, stealing of a bank with a weapon, stealing of a drugstore or store, carjacking with a weapon, all of those, sir, will qualify as a third offense. Anything you do with a weapon, sir, may constitute a crime of violence, and you are only entitled to three of

13

them. I think you may have two already. Do you understand that? So the third one is horrible. It's life. I am not annoyed. I just want you to understand what's going on here today. All right." (Sentence 19)).

Because, as shown in the PSR, appellant had not actually served time in jail for his prior offenses, the Court put too much weight on the "warnings" that appellant had supposedly ignored in his prior life of crime. *This* is the first sentence of substance appellant is serving. Counsel is told that appellant is renouncing his past while serving time (and is separated from other inmates in protective custody). A sentence within the Guidelines would have been sufficient and not greater than necessary. This sentence imposed here punishes appellant because *he* could not stop, and became a part, of the gun crime epidemic in Puerto Rico. The sentence *is* greater than necessary.

## CONCLUSION

The indictment should be dismissed for failure to allege that defendant knew he was a prohibited person. Alternatively, the plea should be vacated. The sentence is unreasonable, and should be vacated.

Dated: June 17, 2020   /s/_____
Vivian Shevitz – Bar No. 101025
CJA counsel for Appellant
CARLOS GUZMAN-MERCED
46 Truesdale Lake Drive
South Salem, New York 10590
914 763 2122
Fax: 888 859-0158
Email: vivian@shevitzlaw.com